I suspect that this case relative to the spectrum of those you hear on a regular basis is a much more straightforward and easily factually assessed question. The real questions before the court really are twofold. The defendant asserts that the trial court acted arbitrarily in denying him probation initially. But I believe ultimately that question becomes moved in light of the fact that ultimately Mr. Amans was granted probation. The probation sentence that was ultimately granted to him was both lawful and authorized by statute. And once a lawful and which would allow the trial court to increase such a sentence in the fashion that the state asks the court to allow today. Did the trial court have jurisdiction to entertain the state's motion to reconsider from the state? It certainly had jurisdiction. I don't believe that there was, however, authority to entertain it. Wait a minute. You're saying the state filed a motion. It was first threshold question is was there jurisdiction for the court to hear the motion? Let alone the substance of it and the outcome. But do you believe that the court had jurisdiction to hear the motion? I do. I do not dispute that they had jurisdiction. Okay. So when you say authority, authority to perhaps rule the way it did, but it had authority to hear the motion. Correct. Okay. The initial denial of probation as outlined in my brief, our position is that it was arbitrary. The court disregarded findings of evidence, which were presented. It made findings which were unsupported by the record. It found conduct inherent to the offense to be aggravating to the offense. It misapplied statutory changes. And essentially in the end, it made the statutory aggravating factor of the need to deter others, essentially a trump card to all other factors, thereby effectively making the offense a nonprobationable one. But as I indicated a moment ago, I believe that the question of whether the initial probation was denied arbitrarily became moot on February 28th, 2018, when the court imposed a sentence of probation, which was both valid and lawful. There's no question that that sentence was in fact imposed. At the time, the offense that the There's nothing about Mr. Amman's history that made him ineligible for probation. The only circumstance that would allow a court after the imposition of a lawful and valid sentence to then later increase that sentence would be that if it was imposed contrary to a mandatory statutory requirement, which was not the case here. And I don't believe the state can or doesn't make an and the trial court at that point refused to act, then the state's only option would have been a writ of mandamus. A writ of mandamus would not lie here because the question involved is not strictly a question of law, nor is the sentence here arguably an illegal sentence. There's no authority of any kind which would permit a trial court to increase a lawful, valid sentence once it's imposed. The express language of 730 ILCX. What about a fraud on the court? I'm sorry? Has there been a fraud on the court? You said there is, that is an exception, but there's no fraud here, correct? There certainly is no allegation of fraud. I believe that a fraud would ultimately then fall back into the only category that would allow an increase, which would be a sentence that was neither lawful nor valid. If a fraud has been perpetrated on the court, I believe that would be a subsection of that particular. I hesitate to even refer to it as an exception because I think realistically it's not an exception. It's really an axiom, obviously, that anything the court does has to be lawful. There are a lot of possibilities, but what about testimony that's offered in mitigation in the trial court later determines, based upon newly discovered evidence, that it was false or true testimony in mitigation? I'm aware of no authority that under those circumstances would permit the vacating of that sentence. The only authority, frankly, whether it is by statute or by Supreme Court rule, expressly says once a sentence is imposed, it may not be increased. Obviously, again, the axiom that the sentence must be valid and lawful would allow the changing or correction, as the State commonly refers to it, of a sentence that is not permitted by law, but that's not the circumstance here. Not only does the statutory provision in 730 ILCS 5 forward slash 5 dash 5 dash 4.5 dash 50D expressly forbid the increase of a sentence once it's imposed, the Supreme Court rules regarding this question, particularly 604D and Supreme Court rule 615, all point to the indisputed rule that a sentence once imposed may not be increased so long as it's both valid and statutorily authorized. Both parties make reference to People v. Foster in their briefs. The State makes reference to People v. Foster for support of their arguments. However, when one looks at the entire context of People v. Foster, and you get past the point where Foster makes reference to the idea that had the court not been authorized notice of appeal, the appellate court makes reference to the idea that the court would have had the authority to at least hear that motion, but later when you read the entire context of Foster, the Foster court expressly notes, moreover, the trial court could not increase the sentence once a valid sentence was imposed. A valid sentence was imposed here. There is some question as to whether or not it was appropriate for Judge Tobin to have heard evidence regarding the fact that Mr. Adams had been in the custody of the Department of Corrections for four and a half months. Candidly, that evidence wasn't actually offered by the defendant. That was not the basis of my motion to reconsider. It could have been. In the old days, if the law has changed now, this has been repealed, there used to be a provision for a pre-commitment for study where a trial court could sentence an offender to a period in the Department of Corrections to give the Department of Corrections an opportunity to evaluate and then report back to the court. But that obviously was not the case here. It was a four-year sentence, correct? Yes, sir. Initially. And then obviously after the motion reconsidered, it was reduced to probation. I would submit to the court that the lynchpin upon which Judge Tobin concluded he needed to correct the mistake as he characterized it was People v. Vernon, indicating that he should not have considered the post-sentencing evidence. I would submit to you, Your Honors, that in fact People v. Vernon does not expressly say that the trial court was prohibited from that which a trial court is required to consider. In fact, later in People v. Vernon, there's reference to another case, People v. Smith. And in People v. Smith, the court noted that a defendant who, after being incarcerated, developed cancer, and that was ultimately considered in a motion to reduce or reconsider sentence. The trial court expressed, I'm sorry, the appellate court expressly noted that the specific circumstances in the Smith case were, as they referred to it, qualitatively different than those that Mr. Vernon wished to offer. But I would submit to the court that the languaging of Vernon holding that the court was not required to hear it, and the reference to another case under which those exact types of facts were taken into account and considered, more accurately informed the rule that rather than that evidence being prohibited, it's simply not required. However, a trial court may do so if it feels it's appropriate. The State makes reference in their brief to the fact that the sentence of probation was unlawful. They make reference to People v. McGuire and People v. Crilly. However, neither Crilly nor McGuire have anything to do with the question before this court. Both McGuire and Crilly make reference to a rule that can be essentially referred to as the trial court having authority to correct errors even if there's no specific statutory authority permitting it. However, that can't be equated to then a corollary rule that such corrections can be made even in the face of express statutory or Supreme Court rule prohibiting such a correction. As noted in People v. Castleberry, the only time that a sentence may be corrected as the State refers to it is if that sentence has violated some mandatory statutory requirement, which is not the case here. If the court were to do as the State asks, it would essentially be asked to create a judicial exception to the express provisions of the statutory rule forbidding the increase of a sentence once imposed. Not just the statutory rules. You don't discuss this in your brief, but these principles are based upon, the statutes are based upon due process concerns from North Carolina v. Pierce, correct? Agreed. It's not that they're precluding the court from increasing the sentence that has been validly imposed. That's exactly right. That's the underpinning for all of those rules and statutes. It is the reason why there is a complete absence of reported decision in Illinois or in any adjoining jurisdiction that I'm aware of that would allow a sentence to be increased once it was imposed as the State asks here. If it were to be the case, the court would have to essentially create two new additional judicially created exceptions to the express language of 550B. First of all, the court would be asked to now create an exception that a sentence can be increased if the trial court can be persuaded that it made some factual determination that it wished to revisit. And then on top of that, there would have to be a second rule that says the sentence can be increased such that it neither exceeds the ceiling that was created by the prior higher sentence, but it can go as low as the floor of that which the court reimposed after the motion to reconsider. It would create essentially an entirely new phase of sentencing proceedings whereby the sentence that a trial court issued could be attacked both by the State and by the defendant. Both constitutional authority and the statutes of our State indicate that while the defendant has the right to make such a challenge, there's no authority permitting the State to do the same. And I ask the court to find that the probation sentence which was issued on February 28, 2017 was both valid and imposed, and it cannot be increased now. I ask the court to remand this matter for the trial court to then reimpose the probation sentence which was ordered after the motion to reconsider. There's also a significant street value fine that was imposed? There was. That would be? That stands. That stands as well, correct? We did not challenge that in our brief. I considered that matter. Frankly, I agree with Your Honor. There was some question as to whether or not the evidence was provided was sufficient. However, it's not part of my brief. And there would be no attempt to change that? No, sir. Thank you. Good afternoon. I'm Barry Jacobs on behalf of the people of the State of Illinois. May it please the Court and Counsel. I'm going to pick up where Counsel left off, and that is the second issue raised, because I agree that is the more definitive issue. In this case, a circuit court should not be tethered to a sentence that was based on mistake of law and was inconsistent with the court's original intent, which was to sentence the defendant to prison. Counsel and I both mentioned the Vernon case. The Vernon case, and I'm paraphrasing, found that for the court to consider evidence of what happened post-sentencing of the defendant's performance in prison, created like a de facto parole board that the court was overstepping its bounds. There's nothing in the statute, 730 LCS 55-4.550D, that precludes the state from filing a motion to reconsider the court's ruling at sentencing. And there's nothing in that statute that prevents the court from considering a motion by the state. What about the due process concerns that you just discussed? It tracks back to both the due process clause and the Fifth Amendment. The double jeopardy clause, however, there are cases that, excuse me, the Pierce case that Your Honor mentioned, found that unless there's a reasonable likelihood of, I'm trying to think of what the language was. How about this language? Let me deviate. And I think the Illinois Supreme Court cited Pierce in People v. Moore. And I quote, it is well established that a harsher sentence imposed after a successful appeal or motion to reconsider is only proper if it is based on additional bad comment performed by the defendant after the original sentence. How do you argue that the facts of this case do not fit within what our Supreme Court expressed in Moore? That was Moore? Moore, 177 Illinois 2nd 421 at 433. What year, Your Honor? 1916, oh, North Carolina v. Pierce is 1969. Because I would also say there's the People v. Garcia, I'm not certain of the year, also a Supreme Court case that delves into the application of North Carolina v. Pierce. And North Carolina v. Pierce has been interpreted, at least by Garcia, that if there's no showing that there's a reasonable likelihood of judicial vindictiveness on remand, then the court can actually impose another sentence. I'm not certain how that. This is not a remand. This was a motion to reconsider. Right, I'm not certain how that goes with Moore or how that jives with Moore. But North Carolina v. Pierce has been limited. Originally, I believe it was required that the reasons were stated on the record. But in my research, Garcia clarified that most recently, saying that it's not always required that the reasons be on the record, and that's today. People v. Moore is a 1997 case. Have you read our recent decision of People v. O'Donnell? I have not, Your Honor. Garcia is a 1989 case, saying, Pierce's prophylactic rule has been limited in its application to circumstances in which there's a reasonable likelihood that an increase in sentences is a product of actual judicial vindictiveness. Hence, the rule, I think, is to protect against a court, a circuit court, penalizing a defendant who challenges his sentence. Where there's no reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness, quoting Alabama v. Smith. And then it goes on to talk about what is a void sentence at that time, prior to Castleberry. Well, this is not a void sentence. Abdullah talks about that. In Abdullah, the court sentenced the defendant to a sentence that was technically illegal. The court was without authority. Within 30 days, the State filed a timely motion reconsidering the sentence to correct the sentence that was unlawful at the time. And we said in Abdullah there was jurisdiction and it was proper for the State to file that motion. Are there any facts here showing that the sentence imposed in this case was unlawful or illegal? Which sentence? The case at hand. Your probation sentence? Yes. The probation sentence was a valid sentence, lawfully imposed. However, it was erroneously imposed. So this case really... Why is it erroneously imposed? Because the court was mistaken about the evidence it could consider at the hearing. In fact, when the court reimposed the original sentence, the court said, I believe prison time is required in this case for deterrence. And I feel that I can consider these four months in prison I'm paraphrasing it, I'm not voting. I can consider these four months in prison in making the determination and then impose the four-month probation time served in the probation sentence. But it was clear at that time that the court intended some prison time. It talked about it didn't want to overstep itself with the statutory minimum prison time. So it found this way, I suppose, to have a lesser prison sentence and a sentence of probation. But it never backed off its intent to sentence the defendant to prison. This is not so much a sentence increase as it is a return to the original sentence that was also validly imposed. And it really doesn't... Courts make mistakes. Child courts make mistakes all the time. Factual mistakes. And they impose sentences based upon a mistake, a factual mistake. A mistaken belief that they're appropriately considering the factor of mitigation which should not have been considered. Are you suggesting that each and every time that that occurs, the state can file a motion to reconsider the sentence to increase the punishment that was imposed based upon a mistake? I'm not suggesting that. I'm suggesting in this case alone where this would create a windfall for this defendant based upon the court's admitted error in considering evidence. And this isn't something that happened over the course of... It went up on appeal. This is something that happened over the course of a week or so. And I think other courts have looked at how long between the time of sentence. Is the sentence truly final? Or what's the expectation of the defendant with regard to the finality of the sentence? The problem with your argument is that it has absolutely no statutory or common law authority. Are we required to follow more? The Illinois Supreme Court's decision in Moore that we cannot impose or we can't approve of a harsher sentence imposed after a successful appeal or a motion to reconsider unless it is based upon additional bad conduct performed by the defendant after the original sentencing. As I said, I don't know how Moore jives with Garcia, which is the 89 days. But Garcia has definitely said that there could be... I have not read Moore, so I can't really say exactly. But from what you're describing, it does not sound different. I mean, there was the rule of North Carolina v. Pierce had always been interpreted in my research until Moore as requiring the reasons the bad conduct be placed on the record. Garcia said that's not required unless there's a reasonable likelihood of judicial vindictiveness. In this case, what certainly imposing the four-year sentence was not a prior to judicial vindictiveness. And it seems to me that the statute in issue 4.550d, that sentence that a court may not increase a sentence once imposed is to protect a defendant who challenges his sentence. The application of the rule does not depend upon unique facts of each case. Otherwise, the rule would be unworkable. I'm not suggesting that it does depend upon the rule or the facts of each case. But it speaks specifically to the defendant who challenges it. It describes a procedure that a defendant must follow to challenge his sentence. It's a line in the court may not increase a sentence once imposed. It should be read in context with that. It's the State's position. What page of your brief is the citation to Garcia? I don't believe I cited it in this brief. I have cited it in the past. Well, why are you arguing here? Did you submit a copy? I apologize. I did not. I was just thinking. Because I didn't read it in preparation for oral argument. I apologize for citing it. It's not cited. I apologize. They didn't require it. I should have subtitled it. Did you have any objections to citing Garcia, Counsel? I'm sorry? Do you have any objection to the State citing Garcia? I apologize to the Court and Counsel for not submitting it, for citing it here this afternoon. What are the facts of Garcia? Garcia, I don't know that I brought up the entire factual pattern of it. I did not bring up the entire factual pattern of it. Only the, as it relates to North Carolina v. Pierce, which no one cited either in the brief. No other questions. I would just ask that if this Court revents the cause, revents it for further proceedings, rather than imposing the four. If we were to revent it for further proceedings, what possible proceedings could take place? Yet another motion to reconsider? Yet another sentencing hearing? I mean, what specifically are you asking? Another sentencing hearing. Further proceedings on the sentencing hearing. In which case the Court, you know, could clarify what its intention was, because the way I understand this now is that the record is muddled as to what the Court's intention was. But it's clear, based on the first argument in the defendant's brief and in the State's brief, that the Court intended to impose four years' prison time initially, until it considered this evidence that it should not have considered as a argument. That is your position, that the Court is precluded from hearing subsequent evidence of good behavior? It should not. As opposed to its should not or may not? It may not. If it's a should, it's discretionary. The Court could consider it. Could not only hear it and consider it. I suppose the reason that's counsel quoted is more of a discretionary language. Thanks. Thank you very much. And thank you again for rescheduling this for me. I appreciate it. Sure. You wish to reply? Thank you. I don't want – I'm asking the Court not to lose sight of the threshold question here before it. The determination can be made about what should happen when this case gets sent back. The only way that this matter should be sent back to the Circuit Court for further proceedings is if the Court concludes that the sentence of probation is somehow voidable. There's been no argument offered here that it is either lawfully unauthorized or in any respect not permitted under Mr. Amin's circumstances. And that being the case, the only proper action by the Circuit Court should be the reinstatement of the sentence of probation. Mr. Amin, his sentence of probation has also been stayed, correct? It has, yes. So my understanding was his sentence was stayed. Has he been reporting for probation? He has. That's what I was going to say. While technically you may be correct, the term of probation has not started running. As a condition of his remaining out of custody, he has been ordered essentially to be on probation. So if we were to agree with you, he would stay at the trial court. When the trial court stated it, you'd have to clear that up on me, ma'am, as to what the trial court meant when it stated this. That was not clear from the record. I agree. And as I review that now in my head, I agree with you. But candidly, there was no possibility Mr. Amin was going to object to any condition that allowed him to stay on.  If that's what it takes, yes, ma'am, he would do it on me. Lastly, I was just asked to address the question of whether Judge Tobin was clear that prison was required. Quite frankly, it is far from clear. At one point during the petition, I'm sorry, the hearing on the initial motion to reconsider sentence, Judge Tobin expressly said, did I think that four years in the Department of Corrections was the right sentence in October? No. Do I think it's any better now? No. At that point, he entered into a somewhat confusing monologue regarding the mandatory minimums that don't exist on this case. If Judge Tobin intended to imprison Mr. Amin but do so for less than a period of four years, he had the authority to do so. And there's some question to me whether or not he was clear on the fact that had he intended, he could have sentenced Mr. Amin to as much as 180 days in the county jail. In any event. Do you think that can be read that what the trial court was saying is perhaps a sentence in the Department of Corrections is correct here, but if I do that, I'm stuck with a minimum of four. This isn't a class four where I can sentence you to Department of Corrections for a year knowing you're going to do 60-couple days. Do you think that this transcript really can be read that way? That is certainly the only way that you could reconcile those two comments, I agree. In the end, the sentence of probation was both valid and lawful. I ask this court to find that it was error for Judge Tobin to vacate that sentence and resentence Mr. Amin to four years in the Department of Corrections. And I would ask that it be remanded so that the circuit court is directed to reinstate the sentence of probation. Thank you. Counsel, if you have an objection, do you have the citation for Garcia? I do. I'm going to buy the papers here, so one moment, please. Thank you. Thank you. These don't go in my mind. Here we go. Even versus Garcia, I didn't actually include the point site. So 179 millisecond, 74 to 75 is the language limiting the application of Pierce. Which is 69. Thank you, both gentlemen, for your arguments. And we will be in recess until the next case at 1-30. Thank you.